UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AARON TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-00826-ACA-JHE |
| | ) |
| STEVEN T. MARSHALL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Aaron Turner filed a *pro se* complaint under 42 U.S.C. § 1983, alleging Fourth and Fourteenth Amendment violations. (Doc. 1 at 4–5). In August 2025, the magistrate judge entered a report recommending the court dismiss this action without prejudice under 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief may be granted. (Doc. 10). Although the magistrate judge advised Mr. Turner of his right to file written objections within fourteen days (*see id.* at 6–7), the court has not received any objections. Mr. Turner's failure to file specific objections waives any challenge to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

The court **MODIFIES** the report only to clarify that the court considered whether the requested relief would unduly interfere with the ongoing state proceedings. *Younger v. Harris* prevents federal courts from "interfering with

criminal prosecutions." 401 U.S. 37, 44 (1971). For a federal court to abstain under *Younger*, the proposed relief must create an "undue interference with state proceedings." *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004) (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 359 (1989)). To determine whether the federal proceeding would interfere with the state proceeding, courts "look to the relief requested and the effect it would have on the state proceedings." *31 Foster Child. v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003). The requested relief cannot "tell[] a state court how to run an ongoing criminal prosecution." *Williams v. Rubiera*, 539 F.2d 470, 473 (5th Cir. 1976).[1] In essence, *Younger* prevents federal courts "from being the grand overseers of state courts and court-like administration" by supervising state litigation. *Wexler*, 385 F.3d at 1341.

Here, Mr. Turner seeks an order to direct a state judge and prosecutor to disclose certain evidence to him. (Doc. 1 at 5). But that would require this court to order a state court "how to run an ongoing prosecution." *Williams*, 539 F.2d at 473. Accordingly, the relief asks the court to interfere with Mr. Turner's ongoing criminal prosecution. *See Pompey v. Broward Cnty.*, 95 F.3d 1543, 1548–51 (11th Cir. 1996).

In all other respects, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation. Accordingly, the court **WILL DISMISS** this

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

action **WITHOUT PREJUDICE** for failing to state a claim upon which relief may be granted.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this October 6, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE